AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 2:26-MJ-20 |
| Nathaniel Olivarez | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2026__ in the county of __Potter__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) | Possession with Intent to Distribute Methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Fernando Burga, Special Agent DEA
Printed name and title

Attested to by the applicant in accordance with the requirement of Fed. R. Crim. P. 4.1 by telephone this 29th day of January, 2026.

Date: 1/29/26

_____
Judge's signature

City and state: Amarillo, TX

Lee Ann Reno, U.S. Magistrate Judge
Printed name and title

No.2:26-MJ-20

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Fernando Burga, being sworn, depose and state as follows:

1) I am a Special Agent (SA) with the Drug Enforcement Administration (DEA).

2) I am assigned to the DEA's Amarillo Resident Office (ARO). I was hired as a Special Agent with DEA in April 2023, and completed DEA Basic Agent Training Academy, located in Quantico, Virginia in August 2023. In connection with my duties and responsibilities as a Special Agent, I have received extensive training in the field of narcotics trafficking investigations, including but not limited to, conducting surveillance, smuggling, undercover operations, methods of packaging, utilizing confidential sources, executing arrest and search warrants. Prior to my employment with the DEA, I was a police officer with the Punta Gorda Police Department for 6 years. During that time, as a Patrol Officer assigned to the canine unit, I made numerous narcotics related arrests and assisted in narcotics investigations.

3) This affidavit is made in support of a complaint and arrest warrant for Nathaniel OLIVAREZ for violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine. This offense has the following elements: (1) that the defendant knowingly possessed a controlled substance; (2) that the substance was in fact methamphetamine; and (3) that the defendant possessed the substance with the intent to distribute it. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4) On January 28, 2026, the Drug Enforcement Administration (DEA) Amarillo Resident Office (ARO) and the Potter County Sheriff's Office (PCSO) Special Operations Division (SOD) conducted physical and electronic surveillance at Nathaniel OLIVAREZ's residence located at 84 N. Alabama St., Amarillo, Texas for his involvement in drug trafficking.

5) I observed a white Ford pickup truck bearing Texas registration LGZ9882 and a maroon Nissan bearing Texas registration VGJ4828 parked in the driveway. Shortly thereafter, I observed a Hispanic male wearing a brown jacket and orange beanie, who was later identified as Jose RAMIREZ, coming in and out of the residence. Another Hispanic male wearing a blue hoodie and gray pants, who was later identified as Jojo GALVAND, appeared in the driveway but I did not see the male come from inside the residence. I observed RAMIREZ get into driver's seat and GALVAND get into the front passenger seat. The white Ford pickup then departed the residence and agents followed the white Ford pickup to remodel company business located at 828 S. Gregoria St., Amarillo, Texas. Agents observed RAMIREZ and GALVAND get out of the white Ford pickup and walk into the business.

5) Shortly thereafter, agents observed RAMIREZ and GALVAND walk out of the business and get back into the white Ford pickup. The white Ford pickup then departed the parking lot and agents continued to follow the pickup as it travelled northbound on Georgia Street. SA Matt Hundley observed the white Ford pickup fail to signal lane change, which is a violation of the Texas Transpiration Code. Due to the violation, Amarillo Police Department Officer (APD) Michael Williams conducted a traffic stop on the white Ford bearing Texas registration LGZ9882 at 2509 SW 3rd Ave., Amarillo, Texas.

6) As APD Officer Williams conducted the traffic stop the driver, RAMIREZ, and front seat passenger, GALVAND, got out of the white Ford pickup and attempted to go inside the restaurant. APD Officer Williams approached the white Ford pickup and observed in plain view what appeared to be a meth pipe and firearm near the driver's seat. Due to the meth pipe being in plain view, APD Officer Williams conducted a probable search. APD Officer Williams confirmed and removed the meth pipe that contained residue of an off-white substance and a firearm near the driver's seat. A NCIC and criminal history check was conducted which showed the firearm to be stolen and RAMIREZ to be a convicted felon. APD Officer conducted a probable cause search of RAMAIREZ person and found RAMIREZ to be in possession of ammunition.

7) APD Officer Williams transported RAMIREZ to the Amarillo Police Department for an interview. During a Mirandized interview, RAMIREZ advised he had smoked methamphetamine at OLIVAREZ's residence that morning. RAMIREZ stated that he observed an ounce of methamphetamine at OLIVAREZ's residence. RAMIREZ also mentioned the largest amount of methamphetamine he had seen at OLIVAREZ's residence was 2 pounds.

8) On January 28, 2026, DEA ARO and PCSO executed a state search warrant at OLIVAREZ's residence located at 84 N. Alabama St., Amarillo, Potter County, Texas. During the search of the residence, agents located small baggies containing methamphetamine, fentanyl pills, digital scales, a Canik 9mm semi-automatic pistol, and ammunition. The methamphetamine was field tested and tested positive for methamphetamine. A criminal history check showed OLIVAREZ to be a convicted felon for possession of controlled substance, forgery financial instrument, and unlawful possession of firearm by felon. OLIVAREZ is currently on state parole and on a GPS ankle monitor for the said charges.

9) During a *Mirandized* interview, OLIVAREZ indicated that he had recently been released from prison and is a convicted felon. OLIVAREZ admitted to distributing methamphetamine and confirmed that the firearm found in his bedroom was his. OLIVAREZ mentioned that he used the firearm for protection because of the type of people he associates with. OLIVAREZ also indicated that he had previously possessed an AR-15 and other handguns at his residence but had recently sold them

_____
Fernando Burga
DEA Special Agent


Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 29th day of January, 2026.

_____
LEE ANN RENO
United States Magistrate Judge